UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| THRIVENT FINANCIAL, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 1:17-CV-144-TLS |
| | ) | |
| SARAH GONZALEZ, individually and as Representative of THE ESTATE OF DAVID L. BOON, RAJAT K. CHOWDHURY, ADAM BOON, MARISSA BOON, and PAMELA C. BOON, | ) ) ) ) ) ) ) | |
| | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

This matter comes before the Court in interpleader and on several filings, including a Motion for Summary Judgment [ECF No. 49] and a Motion to Strike [ECF No. 85] filed by Claimant Sarah Gonzalez. Thrivent Financial, the Plaintiff-in-Interpleader, also attempted to deposit a check with the Clerk of the Court [ECF No. 108]. These issues have been briefed by the parties, and the Court will review each in turn.

**BACKGROUND**

The instant case can be summarized as follows. David L. Boon purchased a life insurance policy through his employer, Vision Lighting Corporation. The death benefits total $500,000. His employer was a small company that he ran with the help of a business partner named Rajat Chowdhury. Throughout Boon's life, and in accordance with the policy, he changed the beneficiary of the policy. The premiums under the policy were paid, at least in part, by Vision Lighting. On January 1, 2017, Boon passed away. At the time of his death, Boone's estate was

the named beneficiary of the policy. Sarah Gonzalez, Boon's daughter, is the administrator of Boon's estate. She tried to collect on the policy from Thrivent Financial, the policy issuer. Chowdhury objected, claiming that he and Boon had a buy/sell agreement which entitled him to $150,000 of the death benefits. At various times, Chowdhury was a named beneficiary of the policy. He notified Thrivent of his competing claim, and Thrivent conducted its own investigation of Chowdhury's claim. Afterwards, Thrivent initiated this interpleader action in federal court in an attempt to avoid double liability from the estate's and Chowdhury's competing claims. Gonzalez did not believe that Thrivent adequately investigated the viability of Chowdhury's claim, and argued that the interpleader action was done prematurely and in bad faith. Thrivent has indicated that it has settled with Gonzalez, and it deposited a check for $480,000 with the Clerk of this Court. Gonzalez and Chowdhury continue to dispute each other's claim to the death benefits.

## DISCUSSION

**A.     Interpleader Review**

A stakeholder may bring a suit in interpleader in federal court through two different mechanisms. First, the party may proceed under 28 U.S.C. § 1335, also known as Statutory Interpleader. Alternatively, the party may proceed under Federal Rule of Civil Procedure 22, also known as Rule Interpleader. These two methods have different requirements, which will be discussed in turn. As discussed below, the instant case can proceed only under Rule 22.

*1.     Statutory Interpleader*

District courts have original jurisdiction over interpleader claims where (1) a stakeholder has some instrument of value greater than or equal to $500, and (2) there is "minimal diversity" between two or more adverse claimants. 28 U.S.C. § 1335; *see also State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530–31 (1967). "The citizenship of the stakeholder is irrelevant for jurisdictional purposes in statutory-interpleader actions." 7 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1703 (3d ed.). In this case, the stakeholder is a Wisconsin citizen for diversity purposes, and all adverse claimants are Indiana citizens. Hence, there is no diversity of citizenship between the adverse claimants. Therefore, this case cannot be maintained under 28 U.S.C. § 1335.

*2.     Rule Interpleader*

A party can also bring an interpleader claim under Federal Rule of Civil Procedure 22. Unlike § 1335, Rule 22 is merely a procedural device and does not provide its own basis for subject matter jurisdiction. *Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008) (citing *Officer v. Chase Ins. Life & Annuity Co.*, 541 F.3d 713, 714 (7th Cir. 2008)). The plaintiff, therefore, must provide an independent basis for subject matter jurisdiction to initiate a suit in interpleader under Rule 22. *See Mahl*, 550 F.3d at 662. Additionally, unlike Statutory Interpleader, Rule Interpleader does not require a deposit to establish jurisdiction. *Lincoln Nat'l Life Ins. Co. v. Barton*, 250 F.R.D. 388, 389 (S.D. Ill. 2008) (citing *In re Enron Corp. Sec., Derivative & "Erisa" Litig.*, 391 F. Supp. 2d 541, 560 (S.D. Tex. 2005)).

In this case, the Plaintiff contends that the Court has federal question jurisdiction because the death benefits at issue are subject to the Employee Retirement Income Security Act (ERISA).

The Court agrees. Thrivent alleges that the decedent's employer paid premiums to his life insurance policy and that Thrivent is a fiduciary for the purposes of making claim determinations under the life insurance policy. This is sufficient to establish federal question jurisdiction. *See Reliance Standard Life Ins. Co. v. Matula*, No. 05-C-0788, 2007 WL 1029527, at *12 (E.D. Wis. Mar. 30, 2007) (collecting cases of "numerous courts [that] have found that subject matter jurisdiction exists under § 1132(e) over interpleader suits brought by insurance companies, acting as fiduciaries, to determine which competing beneficiary is entitled to the proceeds").

However, the parties have not briefed the Court on important considerations in the summary judgment briefing. For example, ERISA-plans present preemption concerns. *See, e.g.*, *Laborers' Pension Fund v. Miscevic*, 880 F.3d 927, 932–34 (7th Cir. 2018) (ERISA does not preempt Illinois slayer statute); *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 565–66 (7th Cir. 2002) (ERISA preempts state law doctrine of substantial compliance). Additionally, where federal law provides the rule of decision, state dead-man statutes do not apply. *Phoenix Mut. Life Ins. Co. v. Adams*, 30 F.554, 556 (4th Cir. 1994) (declining to apply a state dead-man statute to evidence in a life insurance policy lawsuit governed by ERISA because the Federal Rules of Evidence, not state evidentiary rules, determine admissibility of evidence for claims based on federal law); *see also* Fed. R. Evid. 601.

This case illustrates one reason why the type of subject matter jurisdiction matters to the ultimate resolution of a case. For example, Gonzalez filed a Motion to Strike an affidavit on the basis that Chowdhury cannot testify as to the buy/sell agreement because of the Indiana Dead-Man's Statute. But, as explained above, the Indiana Dead-Man's Statute does not apply in this case because federal law governs. Similarly, Chowdhury appears to argue that he is owed $150,000 of the death benefits based on an oral contract between him and Boon. But neither

4

party advised whether, as a matter of ERISA federal common law, Boon substantially complied with ERISA's change of beneficiary requirements or whether the alleged oral contract has any bearing on the change in beneficiary analysis. These issues are necessary to the Court's ultimate resolution of the issues, but the parties have not adequately briefed the Court on the same. The briefing includes little authority, and the parties largely support their arguments with state law.

As such, the Court will order further briefing on these issues. Sarah Gonzalez may file an amended motion for summary judgment by May 7, 2018. Any response and subsequent reply must conform to the local rules. The parties should refrain from filing additional motions to strike under Rule 56. *See* Fed. R. Civ. P. 56 advisory comm.'s note to 2010 amendment ("There is no need to make a separate motion to strike."). Instead, the parties should raise any concerns regarding the admissibility of evidence in their summary judgment briefing.

B.  **Deposit to the Clerk of the Court**

Federal Rule of Civil Procedure 67 governs deposits into federal courts. Rule 67(a) provides that:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Fed. R. Civ. P. 67(a). Upon receipt by the clerk, "[t]he money must be deposited in an interest-bearing account or invested in a court-approved, interest-bearing instrument." Fed. R. Civ. P. 67(b). In this case, the parties have notified the Court of a potential settlement between Thrivent and Gonzalez. (*See* ECF No. 105, Notice of Partial Case Resolution as to Thrivent Financial). On March 28, 2018, Thrivent mailed a check for $480,000 to the Clerk of the Court. (*See* ECF No.

5

108, Receipt.) On April 5, 2018, the parties filed a Stipulation of Dismissal of Thrivent Financial [ECF No. 109]. Based on the Notice, the Receipt, and the Stipulation, the Court has discerned that Thrivent notified all parties of its intent to deposit the stake with the Clerk of the Court, and that the parties wish to proceed after the stake has been deposited. As such, the Court directs the Clerk of the Court to deposit the funds in an interest bearing account. Any objections to the deposit must be filed by April 16, 2018. The Court will issue a separate order regarding the Stipulation of Dismissal [ECF No. 109] at a later date.

## CONCLUSION

For these reasons, the Court:

- DENIES, WITH LEAVE TO REFILE by **May 7, 2018**, Sarah Gonzalez's Motion for Summary Judgment [ECF No. 49];

- DENIES AS MOOT Sarah Gonzalez's Motion to Strike [ECF No. 85];

- INSTRUCTS the parties not to file further Rule 56 Motions to Strike in conjunction with the instant briefing;

- DIRECTS the Clerk to DEPOSIT check number K128135 in an interesting bearing account; and

- GRANTS LEAVE to any party to object to the deposit funds by Thrivent by **April 16, 2018**.

SO ORDERED on April 6, 2018.

     s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT